# UNITED STATES BANKRUPTCY COURT

**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

LUCILLE S. WILLARD
Lucille S. Hoffman
Willard Consulting Group LLC

Case No. 24-36201-KYP
Chapter 13

Debtor.

# DEBTOR'S MOTION FOR SANCTIONS UNDER FED. R. BANKR. P. 9011 AND 11 U.S.C. § 105(a) AGAINST WEBSTER BANK AND ITS COUNSEL FOR MISREPRESENTATION OF CREDITOR STATUS AND ABUSE OF PROCESS

## I. Introduction

No comes Lucille S. Willard, Pro Se Pursuant to Fed. R. Bankr. P. 9011 and the Court's inherent authority under 11 U.S.C. § 105(a), Debtor respectfully moves this Court to impose sanctions against Webster Bank and its counsel for filing a motion in rem for relief from the automatic stay without factual or legal basis to claim creditor status in this case.

The motion in rem was filed in bad faith and in reckless disregard of Rule 9011(b), which requires all papers submitted to this Court to be grounded in fact and law after reasonable inquiry. Webster Bank is not the noteholder, mortgagee, or authorized agent of record for the property located at 333 City Hall Road, Kerhonkson, NY 12446]. Its filing constitutes a misrepresentation of standing, a misuse of § 362(d)(4) in rem relief procedures, and a fraud upon the bankruptcy process.

## II. Factual Background

1. Debtor filed a voluntary petition for relief under Chapter 13 on August 4, 2006

2. The property at issue, 333 City Hall Road, Kerhonkson, NY 12446, is owned by the Debtor and is part of the bankruptcy estate under 11 U.S.C. § 541(a).

3. The true mortgagee and servicer of record is Provident Bank,, not Webster Bank.

4. On or about January 2nd, 2025 Webster Bank filed a Motion in Rem for Relief from the Automatic Stay claiming to be a secured creditor with standing to foreclose.

5. The motion attached no valid assignment, endorsement, or agency authorization.

6. Public records in the Ulster County Clerk's Office show no recorded mortgage or assignment to Webster Bank.

7. Debtor objected to the motion, and upon review, it is apparent Webster Bank had no basis in law or fact to assert creditor status.

## III. Legal Standard

Under Fed. R. Bankr. P. 9011(b), an attorney or unrepresented party certifies that:

(1) the filing is not presented for any improper purpose;
(2) the legal contentions are warranted by existing law; and
(3) the factual contentions have evidentiary support or are likely to have such support after reasonable inquiry.

Violations authorize the Court to impose appropriate sanctions, including attorney's fees, costs, or non-monetary directives, to deter repetition of such conduct.

See In re Pennie & Edmonds LLP, 323 F.3d 86 (2d Cir. 2003); In re Evergreen Sec., Ltd., 570 F.3d 1257 (11th Cir. 2009).

## IV. Argument

### A. Webster Bank's Motion Violated Rule 9011(b)(2) and (b)(3)

Webster Bank represented itself as a "secured creditor" entitled to in rem relief, yet produced no documentation evidencing ownership or authority. A simple title or MERS search reveals Webster Bank has no lien interest. The misrepresentation of creditor status in a federal bankruptcy proceeding is a false factual assertion in violation of Rule 9011(b)(3). See In re Nosek, 609 F.3d 6 (1st Cir. 2010) (sanctions for misidentifying holder of mortgage).

### B. The Filing Was Made for an Improper Purpose — to Circumvent the Automatic Stay and Interfere with Estate Property

The purpose of the motion was to create a false judicial record to facilitate foreclosure by a non-creditor. That is a bad-faith abuse of process prohibited by Rule 9011(b)(1) and 11 U.S.C. § 105(a). See In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008) (bankruptcy courts may sanction bad-faith filings).

### C. The Misrepresentation Wasted Judicial and Debtor Resources

The Court's docket and Debtor's estate were burdened by a baseless motion, violating Rule 9011's purpose of deterring frivolous filings. Sanctions are warranted both to compensate the estate and to deter future misconduct.

## V. Relief Requested

Debtor respectfully requests the Court to:

1. Find that Webster Bank and its counsel violated Fed. R. Bankr. P. 9011(b);

2. Strike and dismiss Webster Bank's Motion in Rem;

3. Order Webster Bank and/or its counsel to pay the Debtor's reasonable costs and expenses incurred responding to the motion (estimated at $1375;

4. Direct corrective notice to all creditors clarifying that Webster Bank is not a secured party;

5. Refer the matter to the Office of the United States Trustee for potential further action under 18 U.S.C. § 152 (false claims in bankruptcy); and

6. Grant such other and further relief as is just and proper.

Respectfully submitted,

*[signature: Lucille S. Willard by Joel Jones as Agent]*

Lucille S. Willard

Debtor, Pro Se

333 City Hall Road

Kerhonkson, NY 12446

(917) 573-3102

luwillard31@gmail.com

## Certificate of Service

I hereby certify that on October 8, 2025 a true copy of this Motion was served by first-class mail and/or electronic filing upon:

- /s/ Seth D. Weinberg, Esq, Counsel for Webster Bank
  - 575 Underhill Boulevard, Suite 224. Syosset, New York 11791
  - Tel: 516-921-3838  Email: Seth@nyfclaw.com

- Office of the United States Trustee
  - 11A Clinton Ave, Room 620, Albany, NY 12207
  - Tel: (518) 434-4553

- Chapter13 Standing Trustee Thomas.C. Frost
  - 399 Knollwood Rd, Suite 102, White Plains, NY 10603
  - Tel: 914-328-6333

- All parties entitled to notice under the Bankruptcy Rules.

*[signature: Lucille S. Willard by Joel Jones as Agent]*

[Signature of Debtor]

**CERTIFICATE OF SERVICE**
I certify that a true and correct copy of this Motion for Sanctions was served on October 8, 2025

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

IN RE:

LUCILLE S. WILLARD
Lucille S. Hoffman
Willard Consulting Group LLC

               Debtor,

Case No. 24-36201-KYP
Chapter 13 LSH

## ORDER GRANTING DEBTOR'S MOTION FOR SANCTIONS UNDER FED. R. BANKR. P. 9011 AND 11 U.S.C. § 105(a)

Upon consideration of Lucille S.Wilard, Debtor's Motion for Sanctions Against Webster Bank and its Counsel, and after due notice and opportunity to be heard, the Court finds and concludes that:

1. Webster Bank filed a Motion in Rem for Relief from the Automatic Stay in this case without factual or legal basis to claim creditor or servicer status.

2. Such filing violated Fed. R. Bankr. P. 9011(b)(2)-(3) and constituted an abuse of the bankruptcy process.

Accordingly, it is hereby ORDERED that:

1. Webster Bank's Motion in Rem IS STRICKEN AND DENIED for lack of standing.

2. Webster Bank and/or its counsel shall pay to the Debtor the sum of $1] as reasonable compensation for costs and expenses incurred.

3. The Clerk is directed to transmit this Order to the Office of the United States Trustee for appropriate review.

4. The Court retains jurisdiction to enforce and modify this Order.
SO ORDERED.

Dated: [_____], 2025

New York, New York

Hon. KYU YOUNG PAEK

United States Bankruptcy Judge