UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:

Lucille S. Willard fka Lucille S. Hoffman,               Case No. 24-36201-kyp
dba Willard Consulting Group LLC,                      Chapter 13

                            Debtor.
------------------------------------------------------------X

## COMBINED OBJECTION TO DEBTOR'S MOTION FOR SANCTIONS AND DEBTOR'S MOTION TO STRIKE

TO:    THE HONORABLE KYU YOUNG PAEK
         UNITED STATES BANKRUPTCY JUDGE:

Andrew Goldberg, Esq., an attorney duly admitted to practice law before this Court, hereby affirms the following under penalty of perjury:

1.    I am an associate at Margolin, Weinreb & Nierer, LLP, attorneys for the secured creditor Webster Bank, N.A. (the "Secured Creditor") and I respectfully submit this Combined Objection to the Debtor's Motion for Sanctions and Debtor's Motion to Strike.

Background

2.    Lucille S. Willard (the "Debtor") and Stanley Hoffman (the "Non-Filing Co-Debtor") executed and delivered or were otherwise obligated with respect to that certain Equity Line of Credit Mortgage Account Agreement dated August 4, 2006 in the original principal amount of $400,000.00 (the "Note") as to the property located at 333 City Hall Road, Kerhonkson, New York 12446 (the "Property").  A copy of the Note can be viewed at ECF Docket No. 16, at Exhibit B.

3.    Secured Creditor is an entity entitled to enforce the Note.

1

4. Lucille S. Willard (the "Debtor") executed and delivered or was otherwise obligated with respect to that certain Equity Line of Credit Mortgage dated August 4, 2006 in the original principal amount of $400,000.00 (the "Mortgage"). A copy of the Mortgage can be viewed at ECF Docket No. 16, at Exhibit B.

5. All obligations (collectively, the "obligations") of the Debtor and Non-Filing Co-Debtor under and with respect to the Note and the Mortgage are secured by the Property.

6. Upon information and belief, Non-Filing Co-Debtor Stanley Hoffman passed away on or about February 7, 2021.

7. As the loan became delinquent, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Ulster, on or about July 24, 2017 under Index No.: EF2017-1873.

8. On or about June 26, 2023, a Judgment of Foreclosure and Sale was entered by the Hon. Richard Mott, J.S.C. A copy of the Judgment of Foreclosure and Sale can be viewed at ECF Docket No. 16, at Exhibit C.

9. Since the entry of the Judgment of Foreclosure and Sale, there have been three (3) Bankruptcy petitions filed in order to prevent the Movant from proceeding with scheduled foreclosure sales.

Bankruptcy Case Chronology

10. After the entry of the Judgment of Foreclosure and Sale, a foreclosure sale was scheduled for August 24, 2023. On August 5, 2023, Debtor filed a Bankruptcy petition under Case No. 23-35651-kyp (the "First Bankruptcy Filing"), thereby staying the scheduled sale. The case was dismissed on October 27, 2023, pursuant to a Motion to Dismiss filed by the Chapter 13 Trustee.

11. A new foreclosure sale was then scheduled for February 28, 2024. On February 27, 2024, just prior to the scheduled foreclosure sale, Debtor filed a Bankruptcy petition under Case No. 24-35187 (the "Second Bankruptcy Filing"), thereby staying the scheduled sale. Movant obtained relief from the automatic stay pursuant to an Order entered by this Court on September 23, 2024. The case was dismissed on December 20, 2024, pursuant to a Motion to Dismiss filed by the Chapter 13 Trustee.

12. A new foreclosure sale was then scheduled for December 12, 2024. On December 11, 2024, just prior to the scheduled foreclosure sale, Debtor filed the present Bankruptcy petition (the "Third Bankruptcy Filing"), thereby staying the scheduled sale.

13. The Court should note that throughout the entirety of the Debtor's multiple Bankruptcy cases, the Debtor has been represented by counsel.

14. On January 2, 2025, Secured Creditor filed a Motion for Relief from the Automatic Stay and *in rem* Relief. See ECF Docket No. 16.

15. There was no opposition to the Motion filed and the Motion hearing was attended by Debtor's counsel.

16. The Court granted Secured Creditor's Motion and on January 30, 2025 entered an Order granting relief from the automatic stay and in rem relief for a period of two (2) years. See ECF Docket No. 20.

Post-*in rem* Relief Chronology

17. Following the entry of the Order, a new foreclosure sale was scheduled for April 10, 2025.

18. The sale was then legally postponed to May 8, 2025 due to the Referee's illness.

19. Debtor then filed an Order to Show Cause in the State Court action on May 2, 2025 and the scheduled sale was stayed.

20. The Order to Show Cause was denied and the sale was re-set for September 4, 2025.

21. The sale was conducted on September 4, 2025 and Secured Creditor was the highest bidder.

22. On October 2, 2025, Debtor filed a new Order to Show Cause in the State Court action seeking to vacate the sale of the Property.

23. On October 8, 2025, Debtor filed an improper Notice of Pendency in the State Court action, which was rejected by the Clerk's office.

24. At the same time, Debtor filed the present Motions for Sanctions and to Strike in this Bankruptcy case.

25. On October 14, 2025, Debtor then filed another Motion in the State Court action seeking to disqualify the undersigned's firm who was also handling the foreclosure action.

26. On November 3, 2025, Debtor filed another improper Notice of Pendency in the State Court action, which again was rejected by the Clerk's office.

Debtor's Motion for Sanctions

27. Debtor is seeking a Motion for Sanctions against Secured Creditor and its counsel under Fed. R. Bankr, P. 9011(b)(2) and 9011(b)(3) with regard to the Motion for *in rem* Relief (the "Motion") detailed above.

28. At the outset, it should be noted again that Debtor has been represented by counsel throughout their multiple Bankruptcy cases.

29. With regard to this Motion, both the Debtor and their counsel were properly served with copies of the Motion upon its filing.

30. From the date of filing and up through the Motion hearing, there was no opposition filed to the Motion.

31. It is only eight (8) months later, once the Debtor has sought and failed to obtain a remedy in the State Court foreclosure action, that the Debtor has returned to Bankruptcy Court to seek to have the *in rem* Order undone.

32. Under Fed. R. Bankr, P. 9011(b)(2), a Court my impose sanctions where an attorney fails to make a reasonable inquiry into whether the claims asserted are "warranted in law". See *In re* Parikh 508 B.R. 572, 584 (Bankr. E.D.N.Y. 2014).

33. This determination requires an objective bad faith standard, which considers the frivolousness of the claim. *Id*.

34. A claim is frivolous when it "has no chance of success under existing precedents and…fails to advance reasonable argument to extend, modify of reverse law as it stands". See *In re* Cohoes 931 F. 2d at 227.

35. In their Motion, Debtor fails to provide any supporting evidence of bad faith.

36. If anything, it would appear it is the Debtor who is acting in bad faith in filing both these Motions long past the filing of the *in rem* Motion and subsequent similar attempts in State Court to try, at first to stay and then to undo the foreclosure sale of the Property.

Debtor's Motion to Strike

37. Debtor's Motion to Strike contains similar allegations to their Motion for Sanctions, and like that Motion, Debtor provides no support for their claims.

38. If the Debtor truly felt the *in rem* Order was entered by this Court improperly, then the Bankruptcy Rules provide the appropriate mechanisms to be used by the Debtor.

39. The Debtor could have filed a Motion for Relief from an Order (Fed. R. Bankr, P. 9024) or a Notice of Appeal (Fed. R. Bankr, P. 8002).

40. However, the Debtor did not choose either of those options.

41. It is also clear that the Debtor's basis for this Motion (lack of standing) would not have been applicable regardless of the filing.

42. As Secured Creditor had previously obtained a Judgment of Foreclosure and Sale in the underlying State Court action, any attempt by the Debtor to attempt to undo that Judgment in this Court would be barred by the *Rooker-Feldman* doctrine.

43. Under the Rooker–Feldman doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005). This doctrine is rooted in the principle that "appellate jurisdiction to reverse or modify a state-court judgment is lodged ... exclusively in [the Supreme] Court." Id. at 283. There are "four requirements for the application of Rooker–Feldman": (1) the federal-court plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries

caused by a state court judgment"; (3) the plaintiff "invite[s] ... review and rejection of that judgment"; and (4) the state judgment was "rendered before the district court proceedings commenced." *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005); see *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

44. Here, element one of the *Rooker-Feldman* analysis is satisfied because the Debtor lost in the matter in the New York State Supreme Court. In the underlying foreclosure action, a Judgment of Foreclosure and Sale was obtained.

45. The second and third elements of the *Rooker-Feldman* analysis are satisfied because it is clear from the Debtor's Motion that the Debtor is complaining of injuries allegedly caused by the aforementioned state court judgment and Debtor is undoubtably attempting to invite review and rejection of those judgments through this Motion and any subsequent Motions. Specifically, the Debtor references fraud and lack of standing.

46. It is clear that these Motions are merely the next attempts by the Debtor in an effort to prevent Secured Creditor from proceeding with exercising their rights under State law.

47. As noted in the *in rem* Motion itself, "the Debtor filed multiple bankruptcy petitions whose only purpose was to prevent Movant from proceeding with scheduled foreclosure sales. The actions detailed above clearly exemplify the intent to delay, hinder and defraud Movant as contemplated by 11 U.S.C Section 362(d)(4)". *See* ECF Docket No. 16.

**WHEREFORE**, it is respectfully requested that this Court deny the Debtor's Motion for Sanctions and Debtor's Motion to Strike and for such other relief as the Court deems proper.

Dated: Syosset, New York
November 10, 2025

Margolin, Weinreb & Nierer, LLP

/s/ Andrew Goldberg
By: Andrew Goldberg, Esq.
Attorneys for Webster Bank, N.A.
575 Underhill Boulevard, Suite 224
Syosset, New York 11791
andrew@nyfclaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:

Lucille S. Willard fka Lucille S. Hoffman,           Case No. 24-36201-kyp
dba Willard Consulting Group LLC,           Chapter 13

         Debtor.
------------------------------------------------------------X

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on November 10, 2025, I electronically filed the attached **COMBINED OBJECTION TO DEBTOR'S MOTION FOR SANCTIONS AND DEBTOR'S MOTION TO STRIKE** with the Clerk of Court using the CM/ECF system, and a true and correct copy has been served by First Class Mail delivery to the addresses listed below, by depositing a true copy of same enclosed in a properly addressed wrapper, in a depository under the exclusive care and custody of the United States Postal Service within the State of New York, said addresses designated for that purpose:

Lucille S. Willard fka Lucille S. Hoffman
dba Willard Consulting Group LLC
333 City Hall Road
Kerhonkson, NY 12446

**Service Via CM/ECF:**

<u>Counsel for Debtor:</u>
Brian C. Fetzko, Esq.
Fetzko Law Offices, P.C.
12 Evergreen Drive
Suite 102
Middletown, NY 10940

<u>Trustee:</u>
Thomas C. Frost
Chapter 13 Standing Trustee
399 Knollwood Rd
Suite 102
White Plains, NY 10603

US Trustee:
United States Trustee
Office of the United States Trustee
11A Clinton Ave.
Room 620
Albany, NY 12207


| | |
|---|---|
| Dated: Syosset, New York<br>November 10, 2025 | MARGOLIN, WEINREB & NIERER, LLP<br><br>/s/ Andrew Goldberg<br>By: Andrew Goldberg, Esq.<br>Attorneys for Webster Bank, N.A.<br>575 Underhill Boulevard, Suite 224<br>Syosset, New York 11791<br>andrew@nyfclaw.com |